UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

ADRIAN TAYLOR,

     Defendant.

Case No. 3:22-cr-69

District Judge Michael J. Newman

---

## PROTECTIVE ORDER

---

Pursuant to Federal Rule of Criminal Procedure 16(d)(1), and a stipulation by and between the respective parties, the Court hereby grants the unopposed motion of the United States for entry of a Protective Order, prescribing the manner in which Defendant Adrian Taylor and his counsel must handle certain materials that will be produced by the United States, namely, the digital contents of a yellow iPhone ("the Discovery Materials"). Thus, the Discovery Materials shall be handled as follows:

1.     Defendant and his counsel will not disclose the information contained in the Discovery Materials directly or indirectly to any person except: attorneys or investigators who are assisting in defense; individuals who the defense interviews as potential witnesses; and potential experts ("Authorized Individuals"). Upon disclosing information contained in the Discovery Materials to an Authorized Individual, Defendant and his counsel must provide the Authorized Individual with a copy of the Court's Protective Order and advise the Authorized

Individual that he or she will be subject to the same obligations as imposed upon Defendant's counsel by the Protective Order.

2.      Defendant and his counsel may use the Discovery Materials solely in the sentencing of this case and for no other purpose.

3.      Discovery Materials containing sensitive information, such as items containing personal identifying information (names, addresses, dates of birth, social security numbers, phone numbers, social media accounts, email addresses), bank information, and/or medical information, shall not be further disseminated by counsel of record to any individuals, organizations, or other entities other than to defense counsel's staff assigned to Defendant's Defense Team.  Counsel may not disseminate any sensitive Discovery Materials to the Defendant or to a witness or potential witness.  Counsel may provide a summary and description to the Defendant.  Defendant and any witness or potential witness may not make or retain notes of any sensitive Discovery Material.

4.      At the conclusion of this case, Defendant and his counsel shall return the original Discovery Materials and all copies, reproductions, and mirror images thereof to the United States.

5.      Defendant's counsel shall inform her client of these prescriptions placed on the Discovery Materials, and direct him not to disclose or use any information contained in the Discovery Materials in violation of the Protective Order.  However, nothing in the Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

6.      Per *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016), no document may be filed under seal without the Court's prior approval as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal.  *See*

2

*United States v. Campbell*, No. 1:19-cr-25, 2021 WL 1975319 *3 (S.D. Ohio May 5, 2021)

(*Shane Group* requirements apply in criminal cases).

        **IT IS SO ORDERED.**

February 9, 2024                          s/Michael J. Newman
                                                  Hon. Michael J. Newman
                                                    United States District Judge